[No. 1614.]

## Prince Terry v. The State.

1. INDICTMENT—PRACTICE.—An indictment can be "set aside" but for two reasons; first, that it appears by the records of the court that the indictment was not found by at least nine grand jurors; second, that some person unauthorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting upon the same. (Code Crim. Proc., Art. 523.)

2. SAME.—With respect to indictments in this State, the presumption obtains that such as have been presented have been so presented by the grand jury after all the testimony which is accessible to them with respect to the criminal accusation involved has been heard by them; and the courts are not authorized to go behind an indictment properly returned into court, and inquire into the evidence, or sufficiency of the evidence, upon which the grand jury found it. Hence it was not error to overrule a plea in abatement which alleged that the indictment was founded solely upon a previous one for the same offense; which had been quashed.

3. SAME—THEFT—OWNERSHIP.—When property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them. (Code Crim. Proc., Art. 426.)

4. SAME.—It was not error to admit evidence of the theft of other articles than that alleged in the indictment, when it appears that such other articles were parts of the fruits of the crime for which the accused was on trial.

5. SAME—FACT CASE.—See evidence held sufficient to sustain a conviction for theft.

APPEAL from the District Court of La Salle. Tried below before the Hon. D. P. Marr.

One hundred and twenty-five dollars in money was the property charged to have been stolen. The indictment alleged the ownership in John Davis and D. C. Smith, and the possession in J. B. Portis. ᵒ The trial of the appellant resulted in his conviction, and he was awarded a term of two years in the penitentiary.

S. D. Frazier, the first witness for the State, testified that both he and the defendant were carpenters, and the latter had been in his employ for some time prior to November 19, 1882, when the theft was alleged to have been committed, and was in his employ at that time. The defendant slept at the house of the

witness, and was in the habit of making fires at his house every morning. The witness knew that he made the fires on the morning of November 19, 1882, but could not say that he slept at witness's house on that night. He was there, however, on the morning of the twentieth. The witness heard of the alleged theft on that morning, and on the same morning he found in his cook stove, in which the defendant had made a fire, the fragments of some monte cards, the lock of a box, and some other things. He saw his children playing with some monte chips. The finding of the aforesaid articles in his stove induced the witness to examine his wood pile. He turned over some logs, and in a hole which he knew to be empty when he last saw it, he found a bag containing one hundred and twenty-five dollars in money, a monte box, a pistol, and other articles. Chips had been piled over them. The defendant claimed the monte chips with which the witness's children had been playing. The witness himself did not know where his children got the chips.

The witness, having heard of the theft, took the articles he found at the wood pile to D. C. Smith, who informed him that they belonged to him, Smith, and John Davis. The wood pile where the articles were found was a short distance from the the witness's house. The defendant and A. S. Adams, both carpenters, worked with the witness at the time of the theft. He did not know the present whereabouts of Adams. He found none of the articles described in the possession of the defendant. All this occurred in Cotulla, LaSalle county, Texas.

J. B. Portis testified, for the State, that on and for some time previous to November 19, 1882, he was bar tender at the gambling house of D. C. Smith and John P. Davis, in Cotulla, LaSalle county, Texas. At about twelve o'clock on that night, when he was closing up, John P. Davis handed to him, for safe keeping, one hundred and twenty-five dollars in money and gaming implements. These articles the witness placed in a sack at the head of his bed, and they were stolen that night. The witness slept up stairs, over the gambling saloon. He did not lock his room door. Several parties were present when the articles were turned over to the witness. The gambling implements consisted of monte box, cards, checks, etc. The money, etc., was missed next morning. The witness did not know who took the money. It was returned to him by S. D. Frazier, together with the card box, a few checks and the pistol. The witness recognized these articles as the property of D. C. Smith and John P. Davis, ex-

cept the pistol, which was kept in the saloon. The pistol was stolen with the other property. The monte checks were redeemable in money at the gaming table.

The defendant was often about the gaming room, and sometimes bet at the games.

D. C. Smith and John P. Davis testified, for the State, that they owned the money returned to J. B. Portis by S. D. Frazier. They had been in the habit of confiding their money to Portis for safe keeping.

The State proved the want of consent to the taking on the part of Portis, as well as upon the part of Davis and Smith.

No brief for appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. There are only two causes known to our law permissible and sufficient to set aside an indictment: "First, that it appears by the records of the court that the indictment was not found by at least nine grand jurors, etc.; second, that some person not authorized by law was present when the grand jury were deliberating upon the accusation against the defendant, or were voting on the same." (Code Crim. Proc., Art. 523.)

In this case the defendant's counsel filed a plea in abatement and to set aside the indictment, in which it was alleged in substance that the defendant had been indicted at the April term of the District Court for the same offense as charged in this indictment. That at the October term, after a full hearing, upon motion, the court quashed the indictment found at the April term, and that the grand jury then in session, without calling any witnesses before them, and acting solely upon the quashed indictment, returned and presented this indictment for the same crime. This plea or motion was overruled.

We know of no law in this State which authorizes our courts to go behind an indictment properly returned into court, and inquire into the evidence, or the sufficiency of the evidence, upon which the grand jury found and presented it. Under our system all the grand jury proceedings with regard to the evidence before them is contemplated to be had and kept profoundly secret and exempt from investigation, save in the exceptional case mentioned in the statute (Code Crim. Proc., Art. 384), and even the

witnesses testifying before them are required under oath to keep secret the proceedings had in their presence. (Code Crim. Proc., Art. 407.) The presumption of law is that the bill returned as found by them was so found "after all the testimony which is accessible to them has been given in respect to the criminal accusation" preferred by them. (Code Crim. Proc., Art. 411.)

A different rule prevails in Alabama, but it is on account of a statute of that State which declares that "the grand jury, in the investigation of a charge for any indictable offense, can receive no other evidence than is given by witnesses before them, or legal documentary evidence." Under this statute it has been held that "the grand jury has no right to find an indictment upon another indictment against the respondent for the same offense, found by another grand jury at a previous term, which has been quashed." (*Sparrenberger* v. *The State*, 53 Ala., 481; S. C., 2 Am. Crim. Rep. [Hawley], p. 470.) We have no such statute, and under our practice the court did not err in overruling the motion.

It is claimed that the court erred in overruling the motion to quash the indictment in this case, because the indictment did not allege that the stolen property was the joint property of the two alleged owners. This objection is fully answered by the statute, which provides that "where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all, or either of them." (Code Crim. Proc., Art. 426.)

Again, it is urged that the court erred in permitting, over objection of defendant, testimony going to prove that other articles were stolen and found besides those alleged in the indictment. These other articles were part of the fruits of the crime which defendant had committed, and evidence in regard to them was properly admitted against him.

We have examined the record carefully, and can find no error for which the judgment should be reversed, and it is therefore affirmed.

*Affirmed.*

Opinion delivered November 14, 1883.